## FOUST *v.* THE STATE.

### (*Nashville.* January 15th, 1887.)

CRIMINAL LAW. *Carrying arms. Former conviction. "Small offense" jurisdiction.*

The offense of carrying arms is not within the "small offense" jurisdiction of Justices of the Peace; and therefore a plea to a presentment for carrying arms, which sets up a former conviction and punishment of the offense before a Justice of the Peace, is bad, and is properly stricken out on motion of the Attorney-General.

Case cited and overruled: Foust *v.* The State, 12 Lea, 404.

### FROM MACON.

Appeal in error from the Circuit Court of Macon County. N. W. McCONNELL, J.

Foust *v.* The State.

John B. Foust was presented in the Circuit Court of Macon County for carrying arms. He pleaded (1) not guilty, (2) former conviction.

The plea of former conviction was regular in form, and was supported by a copy of the record on which it was based. This record disclosed a regular proceeding before a Justice of the Peace, under which Foust was arrested for carrying arms, plead guilty, was fined $50, paid the fine and costs, and was discharged. The plea averred that the offense punished by the Justice and that charged in the presentment were the same. On motion of the Attorney-General this plea was stricken out, on the ground that the offense of carrying arms not being within the "small offense" jurisdiction of Justices of the Peace, the proceedings were void.

Foust was then tried upon his plea of not guilty, convicted, and sentenced to pay a fine of $50, and undergo a term of imprisonment. He appealed to this Court. The only error assigned is the action of the lower court striking out the plea of former conviction.

J. L. ROARK and T. C. MULLIGAN for Foust.

Attorney-General PICKLE for State.

CALDWELL, J. This case was heard at a former term of this Court, and the majority and dissenting opinions then delivered were published in 12 Lea, 404–420. Their publication was inadvertent

or improper, however—a rehearing having been previously granted.

Upon reargument and reconsideration at the present term, the Court is of the opinion that the Magistrate had no jurisdiction to hear the case finally and release the prisoner under the "small offense law," and that his action in that behalf constituted no bar to the prosecution in the Circuit Court.

Affirmed.